**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 25-24015-CIV-LETT**

**ELIASIB REYES**,

Plaintiff,

v.

**U.S. SMALL BUSINESS ADMINISTRATION**,

Defendant.
_______________________________________/

**NOTICE OF COURT PRACTICE AND PROCEDURES AND INSTRUCTIONS TO *PRO SE* LITIGANT**

**THIS MATTER** is before the Court *sua sponte*. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, it is **ORDERED** that **WITHIN TWENTY (20) DAYS** from the date that the last Defendant responds to the Complaint, the Parties shall file a joint conference report and a joint proposed scheduling order, as required by S.D. Fla. Local Rule 16.1(b). As part of that filing, the Parties shall complete and submit the attached form proposing deadlines. The guide provided in the attached form are suggestions and may be tailored to the case's needs.

*Pro se* litigants, like all litigants, are required to comply with this Court's orders and rules and applicable rules of civil procedure. To ensure the orderly and efficient disposition of this matter, it is **FURTHER ORDERED** that Pro Se Party

Plaintiff shall comply with the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida. The Local Rules may be obtained from the Clerk of Court or at this link: https://www.flsd.uscourts.gov/sites/flsd/files/25-09-22%202025%20Local%20Rules%20effective%20120125%20-%20FINAL.pdf. Some, but not all, of the requirements of the applicable rules of civil procedure are as follows:

a. No letters, pleadings, motions, or other documents may be sent directly to a District Judge or Magistrate Judge concerning this case. Instead, pleadings, motions, memoranda, or other matters allowed by the procedural rules must be filed with the Clerk of Court. Any pleadings, motions, memoranda, or other papers submitted directly to a District Judge or Magistrate Judge instead of to the Clerk of Court will be disregarded by the Judge.

b. *Pro se* litigants may either send or hand-deliver one original and one copy of every pleading, motion, memorandum, or other paper directly to the Clerk of Court. All pleadings filed must include the case caption, case number, and appropriate title in the format required by the Local Rules. *See Sample Form Following Local Rule 5.1*. The signature block of each pleading must contain the *Pro se* litigant's name, address, and telephone number. Each pleading must also include the full name and address of the defendant(s) or, if the defendant(s) is represented by a lawyer, the lawyer's name and address.

c. If service cannot be made on a defendant due to a lack of information provided by Plaintiff, the case will be dismissed with respect to that defendant.

d. Litigants must promptly notify the Court in writing of any change in address by filing a "Notice of Change of Address," which must include the case

number and the litigant's name and new address. This notice must be served on opposing counsel.

e. Motions to dismiss and motions for summary judgment are dispositive motions which, if granted, will result in dismissal of a case. It is therefore important for *Pro se* litigants to respond to these motions within the time prescribed by the rules of procedure.

Noncompliance with any provision of this Order, the Federal Rules of Civil Procedure, the Local Rules, or this Court's Practices and Procedures may subject the offending Party to **sanctions,** including **dismissal** of this case. It is the duty of all counsel to take any and all actions necessary to comply with this Order, the aforementioned rules, and all Court orders.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 24th day of August, 2026.

Enjoliqué A Lett

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 25-24015-CIV-LETT**

**ELIASIB REYES**,

Plaintiff,

v.

**U.S. SMALL BUSINESS ADMINISTRATION**,

Defendant.
_______________________________________________/

## SCHEDULE JOINTLY PROPOSED BY THE PARTIES

THIS MATTER is before the Court upon the Parties' consent to jurisdiction authorizing the undersigned United States Magistrate Judge. The Parties propose to adhere to the following schedule:

1. **Trial Date**

The case is specially set for trial before United States Magistrate Judge Enjoliqué A. Lett for the two-week period beginning on ______________. Unless instructed otherwise by subsequent Order, the trial and all other proceedings in this case shall be conducted in-person at the **C. Clyde Atkins United States Courthouse, 10th Floor, 301 North Miami Avenue, Miami, Florida, 33128.**

2. **Discovery Status Conference**

A Discovery Status Conference is set in this matter on **[date one month before the discovery deadline],** at **[time]** ET at the **C. Clyde Atkins United**

**States Courthouse, 10th Floor, 301 North Miami Avenue, Miami, Florida, 33128**. Any motion to continue the Discovery Status Conference must include at least three alternative dates on which all counsel are available for a rescheduled Conference.

**3. Pretrial Deadlines**

The parties shall adhere to the following schedule:

| | |
|---|---|
| [DATE] – 7 days from entry of the order (if not already completed) | Rule 26(a)(1)(A) initial disclosures. |
| [DATE] – 20 days from entry of the order (if not already completed) | Designation of a mediator and scheduling of the date, time, and place of mediation. The parties shall file a joint notice naming the mediator and stating the date, time, and place of mediation. |
| [DATE] – 30 days from entry of the order (if not already completed) | Joinder of additional parties and amendment of pleadings. |
| [DATE] – 75 days before the close of discovery | Plaintiff(s) shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial, and only those expert witnesses listed shall be permitted to testify. Plaintiff(s) shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, Plaintiff(s) shall make their experts available for deposition by Defendant(s). |
| [DATE] – 45 days before the close of discovery | Defendant(s) shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial, and only those expert witnesses listed shall be permitted to testify. Defendant(s) shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in |

| | |
|---|---|
| | accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, Defendant(s) shall make its experts available for deposition by Plaintiff(s). |
| [DATE] – 15 days before the close of discovery | Parties shall exchange rebuttal expert witness summaries or reports, if any. |
| [DATE] – 120 days before trial | All discovery, including expert discovery, must be completed. |
| [DATE] – 15 days after the close of discovery | Parties must have completed mediation and filed a mediation report indicating who attended mediation and the outcome of mediation. |
| [DATE] – 30 days after the close of discovery | All pretrial motions, including summary judgment motions, and *Daubert* motions (which include motions to strike experts. Each party is limited to one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit may be granted. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.** |
| [DATE] – Two weeks before pretrial conference | Parties must submit a **joint** pretrial stipulation in accordance with Local Rule 16.1(e), including witness and exhibit lists, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. Any proposed *voir dire* questions shall be submitted. Any motions *in limine* must be filed. Each party is limited to one motions *in limine*. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit may be granted. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.** |
| [DATE] – One weeks before pretrial conference | Objections to the opposing party's exhibits shall be filed. |
| [DATE] and [TIME] – Wednesday before trial period at 10:00 a.m. | A pretrial conference will be held pursuant to Federal Rule of Civil Procedure 16. Each party shall be represented at the pretrial conference and at the meeting required by Local Rule |

| | |
|---|---|
| | 16.1(d) by the attorney who will conduct the trial, except for good cause shown. |

By: [**Pro Se Plaintiff**] [**Attorney(s) for Defendant(s)**]