**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-cv-24015- LETT**

**ELIASIB REYES**,

Plaintiff,

v.

**U.S. SMALL BUSINESS ADMINISTRATION**,

Defendant.
______________________________________________/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (the "Motion") [ECF No. 9]. Having reviewed Plaintiff's Motion, the record, and relevant legal authority, for the reasons provided herein, Plaintiff's Motion is denied without prejudice.

## BACKGROUND

Plaintiff Eliasib Reyes is a recipient of two Economic Injury Disaster Loans ("Loans") from Defendant United States Small Business Administration ("SBA"). *See* Compl. ("Complaint" or "Compl.") ¶¶ 4-5, ECF No. 1. Defendant is a federal agency of the United States. *Id.* ¶ 5. On September 4, 2025, Plaintiff filed the Complaint against Defendant alleging breach of contract and violation of the Privacy Act. *See generally* Compl. Specifically, Plaintiff alleges that Defendant misapplied his loan payments, maintained inaccurate balances, and issued an inaccurate statement alleging an outstanding balance of $7,019.22. *Id.* Further, Plaintiff alleges that Defendant

violated the Privacy Act under 5 U.S.C. § 552a by disclosing Plaintiff's confidential loan information in a criminal case. Compl. ¶¶ 13, 22-23.

Defendant was purportedly served on October 2, 2025, *see* Summons (Affidavit) Returned Executed ("Aff. Process Server"), ECF No. 6, thus Defendant's response was due on or before December 2, 2025. Defendant failed to answer or otherwise respond to Plaintiff's Complaint. Plaintiff moved for Clerk's Entry of Default on December 3, 2025. ECF No. 7. Plaintiff's Motion for Clerk's Entry of Default was granted on December 3, 2025. ECF No. 8. Plaintiff now seeks default judgment for his claims for breach of contract and violation of the Privacy Act against Defendant, an award of damages, an injunction, a declaration, and record correction relief. Mot. at 2.

The Court conducted a hearing on the Motion on September 14, 2026 ("Hearing"). ECF No. 15.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "After the clerk enters a default, the Court is authorized to enter a final default judgment if the party seeking it applies for one." *Univ. of Miami v. Caneup, LLC*, No. 23-cv-23829, 2024 WL 4500790, at *3 (S.D. Fla. Oct. 16, 2024) (citing Fed. R. Civ. P. 55(b)(2)); *see also* Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment.").

However, "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (citation omitted). Thus, before entering a default judgment for damages, the complaint must state sufficient facts to support a substantive cause of action and

include a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' as set forth in the operative complaint." *Univ. of Miami*, 2024 WL 4500790 at *3 (quoting *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016)) (citation omitted).

Once liability has been established, the Court must assess damages. The Court may examine affidavits submitted and, at its own discretion, conduct a hearing to "determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *See PNC BANK, N.A. v. Kool Stuff Designs, LLC*, No. 24-cv-61283, 2024 WL 4652130, at *3 (S.D. Fla. Oct. 31, 2024) (quoting Fed. R. Civ. P. 55(b)(2)).

## ANALYSIS

Here, there are several reasons precluding default judgment. As an initial matter, Plaintiff has not established proper service or a basis for federal jurisdiction over the declaratory claim. Further, the relief sought in the Motion exceeds and differs from the relief demanded in the Complaint, and the record does not support the requested injunctive or Privacy Act relief.

### I. Plaintiff failed to properly serve Defendant.

Plaintiff failed to serve the Defendant in accordance with the Federal Rules of Civil Procedure's service of process requirements. The service requirements must be met before a court can enter a final default judgment against Defendant. *See Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1367 (11th Cir. 1982) (holding that a default judgment entered without proper service is void). Pursuant to Rule 4(i)(2), "[t]o serve a United States agency . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]" *See* Fed. R. Civ. P. 4(i). Here, Plaintiff's Motion states that "Defendant was properly served." Mot. at 1. However, the Affidavit of

Process Server only declares that the summons was delivered to a Senior Trial Attorney of the SBA. Aff. Process Server. Plaintiff's Motion is void of any discussion regarding service on the United States itself. Therefore, the Court finds that service on Defendant was improper.

II. The Declaratory Judgment Act alone does not confer federal jurisdiction.

Plaintiff seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that both SBA Loans are fully satisfied and that no outstanding balance remains. Compl. ¶ 19. In *Volvo GM*, the Fourth Circuit affirmed dismissal of the plaintiff's declaratory judgment claims because the plaintiff failed to establish jurisdiction under the Administrative Procedure Act ("APA"), and the court stated that the Declaratory Judgment Act does not independently provide a basis for federal jurisdiction. *Volvo GM Heavy Truck Corp. v. U.S. Dep't of Lab.*, 118 F.3d 205, 210 (4th Cir. 1997); *see also Fed. Trade Comm'n v. Am. Vehicle Prot. Corp.*, No. 22-CV-60298, 2022 WL 14638465, at *5-6 (S.D. Fla. Oct. 25, 2022).

Plaintiff failed to establish jurisdiction under the APA, and the Declaratory Judgment Act, standing alone, is not a basis for federal jurisdiction. There is no jurisdiction under the APA because Plaintiff fails to adequately allege sufficient facts that a "final agency action" or determination was made, as required under the APA. *Am. Vehicle Prot. Corp.*, 2022 WL 14638465, at 4-5 (S.D. Fla. 2022) (concluding that the court lacked subject-matter jurisdiction and explaining that agency action is not "final" unless it marks the completion of the agency's decision-making process and determines rights or obligations or produces legal consequences). While at the Hearing, Plaintiff mentioned his several attempts to dispute the Loans at issue, but it is unclear whether a formal complaint was lodged with the SBA that would have afforded the agency an opportunity to issue a decision. The record before the Court includes an Initial Application for Loan Assistance in which Plaintiff requested a refund when asked the reason and type of loan assistance needed. Compl., Ex. B. This

application, however, does not appear to constitute a formal complaint to the SBA. While the Complaint alleges the ongoing risk of improper debt collection, the Complaint is void of any discussion that an adverse determination or final decision has been made. *See generally* Compl.

III. Injunctive relief is barred by 15 U.S.C. § 634(b)(1).

Plaintiff's request for injunctive relief prohibiting Defendant from asserting, collecting, or reporting any further debt related to the Loans at issue is generally barred by 15 U.S.C. § 634(b)(1). Although the statute authorizes the SBA Administrator to "sue and be sued" in federal court, it expressly provides that "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property." 15 U.S.C. § 634(b)(1). Courts have accordingly recognized that this provision precludes injunctive relief against the SBA and its Administrator. *See, e.g., Al-Rob Corp. v. United States Small Bus. Admin.*, No. 8:20-CV-1497, 2021 WL 288968, at *2 (M.D. Fla. Jan. 28, 2021); *Tatum v. United States*, No. CV 23-6184, 2024 WL 3105012, at *3 (E.D. La. June 24, 2024), *appeal docketed*, No. 24-30555, (5th Cir. Feb. 27, 2025). The bar is not necessarily absolute, however, as courts have recognized a limited exception where the Administrator acts beyond his or her lawful authority or arbitrarily and capriciously. *Widerman Malek P.L. v. Carranza*, No. 6:20-CV-665, 2020 WL 6748083, at *3 (M.D. Fla. June 22, 2020). Although Plaintiff appears to allege some form of negligence, the record before the Court fails to allege facts suggesting that the SBA or its Administrator acted beyond his or her lawful authority or acted arbitrarily and capriciously.

IV. The Motion seeks relief that differs from or exceeds the Complaint.

Rule 54(c) limits a default judgment to the relief demanded in the pleadings. Fed. R. Civ. P. 54(c); *Freedom Marine Sales, LLC v. Topitzhofer*, No. 8:23-CV-00660, 2024 WL 1310712, at *2 (M.D. Fla. Mar. 4, 2024). The rule ensures that a defendant

has meaningful notice, from the complaint, of the consequences of default. *BBX Cap. Corp. v. Mod Super Fast Pizza, LLC*, No. 25-61232-CIV, 2025 WL 3091072, at *2 (S.D. Fla. Sept. 9, 2025) (citation omitted).

The Motion requests (i) $75,000, (ii) an injunction barring further unlawful conduct, (iii) a declaration that Defendant violated the Privacy Act, and (iv) record correction relief requiring correction of all inaccurate records. Mot. at 2. However, the Complaint requests (i) a declaration that the Loans are fully satisfied, and no outstanding balance exists, (ii) an injunction barring further debt collection or reporting, (iii) order of removal/sealing Plaintiff's Loan information in a federal criminal case, and (iv) compensatory damages of not less than $7,000. Compl. at 4. Thus, the Motion seeks relief that was not demanded in the Complaint, including a Privacy Act violation declaration, record-correction relief, and $75,000 in damages, which is more than ten times the minimum amount pleaded. Moreover, Plaintiff has not alleged any facts establishing an entitlement to $75,000 in damages, and the record before the Court does not appear to contain evidence supporting an award in that amount.

V. <u>The Privacy Act permits disclosure for routine use.</u>

Plaintiff alleges that Defendant violated the Privacy Act under 5 U.S.C. § 552a by disclosing Plaintiff's confidential Loan information. Compl. ¶¶ 22-23. However, the Privacy Act's routine-use exception permits an agency to disclose an otherwise protected record without the individual's consent when the disclosure is authorized as a routine use and is compatible with the purpose for which the information was collected. *Mandel v. U.S. Off. of Pers. Mgmt.*, 244 F. Supp. 2d 146, 150–51 (E.D.N.Y.), *aff'd sub nom. Mandel v. U.S. Off. Pers. Mgmt.*, 79 F. App'x 479 (2d Cir. 2003) (holding that disclosure of the plaintiff's records fell within the Privacy Act's "routine use" exception).

Here, Plaintiff alleges that the SBA disclosed his loan information in an unrelated federal criminal case, No. 23-cr-20166-CMA, without a lawful basis. Compl. ¶ 22. To the extent Plaintiff challenges the disclosure of the application and underlying materials of the SBA Loans at issue here, the SBA's published System of Records Notice for SBA 20 (Mod.), Disaster Loans Case Files, identifies disclosure to a federal, state, local, or foreign agency responsible for investigating, prosecuting, or enforcing violations of law as a routine use. Accordingly, the disclosure of SBA loan information in connection with an investigation or prosecution involving the Loans may fall within the Privacy Act's routine-use exception.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment [ECF No. 9] is **DENIED *without prejudice*** with leave to replead and properly serve Defendant. Plaintiff shall file an amended complaint addressing these deficiencies within thirty (30) days of the entry of this Order.

**DONE and ORDERED** in Chambers in Miami, Florida on this 21st day of September, 2026.

Enjoliqué A Lett

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: *Pro Se* Plaintiff Eliasib Reyes
All Counsel of Record